UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00234

**Kristeen Brooke Adams,**
*Plaintiff,*
v.
**G.M. Financial,**
*Defendant.*

# ORDER

Plaintiff Kristeen Brooke Adams, proceeding pro se and *in forma pauperis*, filed this breach-of-contract action against G.M. Financial concerning alleged errors related to the handling of an auto loan. Doc. 1. The case was referred to a magistrate judge pursuant to a standing order.

On August 21, 2024, the magistrate judge issued a report and recommendation that the complaint be dismissed without prejudice for lack of subject-matter jurisdiction. Doc. 8. Plaintiff filed a motion for reconsideration, which is construed as timely objections to the report. Doc. 10. The court reviews objected-to portions of the magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1).

In her objections, plaintiff asks the court to consider an attached amended complaint. Doc. 10 at 1. The proposed amended complaint only contains printouts of auto-loan account information and email correspondence between plaintiff and defendant concerning the account. Doc. 10-1.

Federal courts are of limited jurisdiction. They have a duty to address jurisdiction even when it is not contested. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction lies with the party seeking a federal forum. *Id.* at 919. Here, plaintiff seeks to maintain this case in federal court, so plaintiff has the burden of proving any requisite factual basis for federal jurisdiction.

Plaintiff's complaint alleges diversity jurisdiction as the basis for subject-matter jurisdiction in this case. Doc. 1 at 3. This is appropriate for plaintiff's state law breach-of-contract claim. But the pleadings do not show a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff provides Texas addresses for all parties. "The required diversity under section 1332(a)(1) must be complete: where one or more plaintiffs sue one or more defendants, *each* plaintiff must be of a different citizenship than *each* defendant." *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177 (5th Cir. 1984).

The magistrate judge gave plaintiff the opportunity to amend her complaint. Doc. 4. Plaintiff has not alleged any facts in her objections or her proposed amended complaint to correct these errors. Thus, plaintiff has not met her burden of establishing federal subject-matter jurisdiction, and the complaint must be dismissed. Fed. R. Civ. P. 12(h)(3).

Having reviewed the magistrate judge's report and plaintiff's objections de novo, the court overrules plaintiff's objections and accepts the findings and recommendations of the magistrate judge's report. The court dismisses plaintiff's lawsuit without prejudice for lack of subject-matter jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on March 28, 2025.*

J. CAMPBELL BARKER
United States District Judge